IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL CURRY,

                    Plaintiff,

    v.                                                  OPINION and ORDER

UNIT MANAGER MELLENBERGER                            19-cv-775-jdp
and WARDEN RICHARDSON,

                    Defendants.

---

Pro se plaintiff Daniel Curry filed this action under 42 U.S.C. § 1983, contending that prison staff at Stanley Correctional Institution retaliated against him in violation of the First Amendment. He also filed a motion for a temporary restraining order, seeking an injunction to prohibit future retaliation. Dkt. 2. Curry's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether Curry's complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Curry seeks monetary relief from a defendant who is immune from such relief.

I conclude that Curry's allegations do not state a claim under the First Amendment because he has not alleged facts suggesting that defendants retaliated against him for any speech protected by the constitution. Therefore, I will dismiss this case. I will deny his motion for a temporary restraining order for the same reason.

ANALYSIS

Curry alleges that on July 12, 2019, he was accused of lying about staff and was placed on temporary lockup status in the segregation unit at Stanley Correctional Institution. That same day, defendant Mellenberger, a unit manager, called Curry's fiancé and told her that

Curry had been moved to segregation for lying about staff. Mellenberger also told Curry's fiancé that Curry had been lying to her, that he had been having intimate relationships with at least two other women, and that other women had been visiting Curry at the prison. Curry alleges that Mellenberger gave this information to his fiancé in retaliation for Curry lying about prison staff in violation his right to free speech under the First Amendment.

But Curry's allegations do not state a First Amendment retaliation claim. To state a First Amendment retaliation claim, plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) the defendant took actions that would deter an average prisoner from engaging in the protected activity; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In this instance, Curry's allegations do not satisfy the first element of his retaliation claim, because he has not alleged that he engaged in activity protected by the First Amendment.

Curry alleges that Mellenberger retaliated against him because he lied about prison staff. Curry does not deny that he lied about staff in his complaint. Instead, he alleges expressly that Mellenberger's call to his fiancé was made "in retaliation for lying about one of the defendants' coworkers." Dkt. 1 at 4. But a lie about prison staff is not speech that is protected by the First Amendment. *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) (holding that prisoner's lies about staff were not protected speech under the First Amendment). Therefore, Curry has failed to state a claim for retaliation under the First Amendment.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Daniel Curry's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered November 7, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge